# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>SUE NELL DYKSTRA; NICOLE ERRIN DYKSTRA; ELIZABETH HOLLY DYKSTRA; and AMERICAN FUNERAL FINANCIAL, LLC;<br><br>    Defendants.<br><hr>SUE NELL DYKSTRA,<br><br>    CROSS CLAIMANT,<br><br>    v.<br><br>ELIZABETH HOLLY DYKSTRA and NICOLE ERRIN DYKSTRA,<br><br>    CROSS DEFENDANTS. | CV 2:21-136 |

## ORDER

Plaintiff State Farm Life Insurance Company initiated this interpleader action involving a dispute over life insurance policy proceeds on December 30, 2021 against Defendants Sue Dykstra, Nicole Dykstra, and Holly Dykstra. Dkt. No. 1. Plaintiff amended its complaint on January 19, 2022, adding American Funeral Financial, LLC as a defendant. Dkt. No. 4. All Defendants executed a waiver of service and all Defendants, except American

Funeral Financial, LLC, filed answers. Dkt. Nos. 6-9, 10, 11, 15. On April 4, 2022, Defendant Sue Dykstra asserted a crossclaim against Defendants Elizabeth and Nicole Dykstra. Dkt. No. 15.

In its amended complaint, Plaintiff State Farm asserted this Court has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1332 because (1) the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, and (2) complete diversity of citizenship exists between State Farm (Illinois citizen) and Defendants Sue Dykstra (Georgia citizen), Nicole Dykstra (Georgia citizen), Elizabeth Dykstra (Georgia citizen), and American Funeral Financial, LLC (all members are Utah citizens). See Dkt. No. 4 at 1-3. Plaintiff State Farm also asserted jurisdiction pursuant to 28 U.S.C. § 1335 because two or more Defendants of diverse citizenship are claiming entitlement to life insurance benefits, the value of which exceeds $500, which State Farm deposited into the Court's registry on April 6, 2022. Id. at 4; see also Dkt. No. 17.

On May 19, 2022, pursuant to a consent motion, the Court Ordered that Plaintiff State Farm be discharged from all further liability under the life insurance policy at issue, that it be dismissed from this action, and that Defendants be permanently enjoined from initiating any further action against it for recovery of proceeds under the life insurance policy. Dkt. Nos. 19, 21.

With Plaintiff State Farm having been dismissed from this action, and Defendant Funeral Financial, LLC having failed to appear, the Court must now determine whether it has subject matter jurisdiction over the remaining claim, i.e. Sue Dykstra's crossclaim against Elizabeth and Nicole Dykstra. While the amount in controversy requirement appears to be met, diversity of citizenship appears to be lacking. See Dkt. No. 4 (Sue, Elizabeth and Nicole Dykstra are all Georgia citizens).

"[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Accordingly, the Court **ORDERS** the parties to submit briefing addressing whether the Court has subject matter jurisdiction over the crossclaim **within fourteen (14) days** of the date of this Order.

**SO ORDERED**, this 23 day of May, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA