# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>     v.<br><br>SUE NELL DYKSTRA,<br>NICOLE ERRIN DYKSTRA,<br>ELIZABETH HOLLY DYKSTRA,<br>AMERICAN FUNERAL FINANCIAL, LLC<br><br>     Defendants. | 2:21-CV-136 |

## ORDER

A few months ago, this Court entered an order dismissing State Farm Life Insurance Company from this interpleader action concerning the proceeds of Jerry Edwin Dykstra's life insurance policy. Dkt. No. 21. The order granted State Farm's motion seeking (1) discharge from liability under the life insurance policy; (2) to be dismissed from this action with prejudice; and (3) a permanent injunction barring future actions against it relating to the life insurance proceeds. Dkt. No. 19 at 4-5. State Farm incorrectly labeled its motion a "consent" motion. Dkt. No. 19 at 1; compare id. (identifying only Nicole Errin and Elizabeth Holly Dykstra as consenting to the motion) with dkt. no. 22 (Sue Nell

Dykstra's response opposing the motion). Because of that error, the Court granted State Farm's motion before (minutes before, it turns out) Sue Nell Dykstra had a chance to respond. Dkt. No. 21; see also Dkt. No. 23 at 2.

As a result, Sue Nell Dykstra moved the Court to consider her response to the underlying motion and reconsider the dismissal, dkt. no. 23 (referencing dkt. no. 22). She argues that "discovery . . . may reveal that Dykstra has a claim against State Farm arising out of the manner in which State Farm handled [the Life Insurance Policy and Proceeds]." Dkt. No. 22 at 1-2. Indeed, in a teleconference regarding the motion, Dykstra's attorney explained that she was particularly concerned about an injunction barring her from asserting any tort claims against State Farm regarding the *handling* of the life insurance proceeds. The Court has considered Dykstra's opposition to State Farm's motion, but her request for reconsideration, dkt. no. 23, is **DENIED**.

* * *

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." In re Mandalay Shores Co-op. Housing Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). "A successful interpleader results in the entry of a discharge

2

judgment on behalf of the stakeholder," here State Farm. Id. "[O]nce the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied." Id.; see also Dkt. No. 14 (confirming deposit of the funds).

Sue Nell Dykstra opposes dismissal and an injunction to that end, arguing that she "will be barred from pursuing any [possible] claim [against State Farm] before she even knows of its existence." Dkt. No. 22 at 2. That concern is understandable, but misplaced.

"The law normally regards the plaintiff in an interpleader action as having been discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry of the court and the parties have had notice and an opportunity to be heard." Am. Gen. Life & Acc. Ins. Co. v. Story, No. CV 106-129, 2007 WL 1185673, at *3 (S.D. Ga. Apr. 17, 2007) (quoting Kurland v. United States, 919 F. Supp. 419, 421 (M.D. Fla. 1996)). The discharge—to be clear—concerns only "the interpleaded funds" themselves, id., here the $1,000,184.00 due under Jerry Dykstra's life insurance policy, see dkt. nos. 4 ¶¶ 21-22 and 4-1 at 15; see also 28 U.S.C. § 2361 ("[A] district court may . . . enter [an] order restraining [interpleaded claimants] from instituting or prosecuting any proceeding . . . affecting the property, instrument[,] or obligation involved in the interpleader

action until further order of the court."). That is why, if the usual conditions are satisfied, "courts may enter an order relieving the interpleader plaintiff of further responsibility [regarding the funds,] and enjoin the interpleaded defendants from bringing further action against that plaintiff *with regard to the disputed funds*." Kurland, 919 F. Supp. at 421 (emphasis added); cf. Transam. Life Ins. Co. v. Pettersson, No. 5:19-CV-415, 2020 WL 2099561, at *1 (M.D. Ga. May 1, 2020) (granting dismissal with prejudice and an injunction preventing the claimants "from instituting any action against [the interpleading company,] Transamerica[,] *with respect to the interpleaded funds* until further ordered by the Court" (emphasis added)).

By definition, therefore, the appropriate injunction in an interpleader action forbids *only* claims to the subject property— not any and all tort claims related to the interpleader and the property. Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1717 n. 23-24 (collecting cases). The Court's prior order embraces that distinction. See Dkt. No. 21 at 1-2 (discharging State Farm "from all further liability under Life Insurance Policy No. LF-2671-5879 . . . beyond those monies deposited into the Court's registry"; dismissing State Farm "with prejudice from this action," i.e., the present interpleader action; and enjoining the Dykstras from "initiating any other

4

action against State Farm Life *for recovery of the Life Insurance Proceeds* payable under the Life Insurance Policy by reason of the death of the Decedent"). Thus, the injunction goes no further than it should—and there is no reason to reconsider it's reach.

Some courts have apparently done as Sue Nell Dykstra proposes—but their reasoning proves the point. In Tilley v. Barrs, for example, the court was "reluctant to give MetLife a complete discharge of liability" where "the parties ha[d] not engaged in discovery pending the outcome of [the] [m]otion," reasoning that "the Court cannot find as a matter of law that it could not be liable on a claim other than the one for the proceeds of the policy." No. 5:08-CV-434, 2009 WL 2750991, at *2 (M.D. Ga. Aug. 25, 2009). Thus, the Court merely dismissed MetLife without prejudice. But again—a properly framed injunction bars *only* a claim against the interpleader for the subject funds themselves. So the Tilley court could not have given MetLife any broader "discharge of liability" than that—and it did not matter that the parties had not engaged in discovery or that it was unclear whether the claimants had any cause of action against MetLife. And indeed, the Court in Tilley awarded effectively appropriate relief: Metlife was "discharged from any further liability as to the funds it [had] deposited with the Court and as to any claim asserted or which may be asserted against *any of these deposited funds*." Id. (emphasis

5

added); see also Perez v. Midland Nat'l Life Ins. Co., No. 1:19-CV-23650, 2020 WL 6702883, at *4-5 (S.D. Fla. Nov. 13, 2020) (similar); Midland Nat'l Life Ins. Co. v. Fredricksen, No. 3:09-CV-198, 2009 WL 10674046, at *3 (N.D. Fla. Dec. 24, 2009) (similar).[1]

Thus, the injunction here is properly framed. Refusing to enter a "complete discharge" vindicates an illusory concern, and the few cases to the contrary offer no sound reason to reconsider the Court's prior order.

Sue Nell Dykstra's motion for reconsideration, dkt. no. 23, is therefore **DENIED**.

**SO ORDERED** this 17th day of August, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] It is also not entirely clear whether Tilley and Fredricksen involved statutory interpleader under 28 U.S.C. § 1335, which permits injunctions under § 2361, or under Rule 22, which does not. See Am. Gen. Life Ins. Co. v. Jones, No. 08-CV-211, 2008 WL 4949847, at *2 (S.D. Ala. Nov. 13, 2008) ("It is black letter law that § 2361 is not available in the rule interpleader context, but is confined to statutory interpleader proceedings."). Still, "the mere fact that a[n] injunction under Section 2361 is not available in a rule-interpleader case does not mean that the court does not have discretion . . . to issue an [similar] order against those claimants that have been subjected to the court's jurisdiction" as a necessary step "to effectuate that exercise of jurisdiction." Wright & Miller, supra. So either way, the point about the scope of the discharge and collateral bar is the same.